**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| WILLIE WHITE, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-490-CAR-ALS |
| BRICKO, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Pending before the Court are the claims of *pro se* Plaintiff Willie White, an inmate at Phillips State Prison in Buford, Georgia. For the following reasons, Plaintiff is **ORDERED** to recast his Amended Complaint on one of the Court's standard forms within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with this action.

## DISCUSSION

### I. Factual Allegations and Procedural History

According to the Amended Complaint, which is the operative pleading in this action, Plaintiff and seven other inmates were riding in a transport van from Augusta State Medical Prison on May 13, 2024. ECF No. 9 at 14. Plaintiff states that the "seats in the state van weren't all bolted down so some inmates rocked about when they sat down." *Id.* He further contends that all the "inmates were chain down with cuffs and ankle chains[,]" but none of the inmates were wearing seat belts. *Id.* Plaintiff contends a CERT officer, Defendant Bricko, was driving the van and another officer, Defendant Pope, was a passenger. *Id.*

Plaintiff states that it was raining "hard" and Defendant Bricko was driving about 70 miles per hour and had "turn[ed] the music up loud." ECF No. 9 at 14. As a result, he failed to notice that a log truck in front of him was turning. *Id.* Defendant Bricko ran into the back of the log truck, and the inmates were thrown out of their seats. *Id.* Plaintiff contends he landed "in the front by the cage" and "hurt[ his] neck, back and leg." *Id.* Plaintiff was ultimately taken to Dooly State Prison, but he contends he did not receive adequate medical treatment there. *Id.* at 15-16. Plaintiff repeatedly requested medical treatment at Dooly State Prison, and even though unit manager at the prison "made staff see" him, he contends there still "wasn't anything done." *Id.* at 16.

Plaintiff sued Defendants Bricko and Pope, who were alleged to be officers at Macon State Prison; the Warden of Dooly State Prison; and the Warden of Johnson State Prison. ECF No. 9 at 1. The Southern District of Georgia transferred this case here after dismissing the claims against the Warden of Johnson State Prison, who was the only Defendant as to whom venue was appropriate in the Southern District. ECF No. 14. Thus, the only claims at issue in this Court are Plaintiff's claims against Defendants Bricko, Pope, and the Warden of Dooly State Prison.

## II. Order to Recast

In order to ensure that each of his claims against the proper Defendants are preserved in this action, Plaintiff is **ORDERED** to recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order as to his claims against Defendants Bricko, Pope, and the Warden of Dooly State Prison. Plaintiff must tell the Court exactly how each of these individuals violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights;

(2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

The Court notes that although Plaintiff appears to allege that Defendants violated his Eighth Amendment rights by failing to provide him with medical attention, he has not pleaded facts sufficient to state an Eighth Amendment claim for deliberate indifference to a serious medical need. To state an actionable claim in this context, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). The first element is objective and requires a plaintiff to set forth a "serious medical need," which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citation omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann,* 588 F.3d at 1307. "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

Establishing the second element—deliberate indifference—again requires a plaintiff to plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (first citing *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); and then quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). "Subjective

recklessness" requires the defendant to be "actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff," although a defendant cannot be held liable for a constitutional violation if he responds reasonably to a risk of which he is aware. *Id.* at 1262.

The final element simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). "[A]s with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.* at 1326. "Causation, of course, can be shown by personal participation in the constitutional violation." *Id.* at 1327.

Plaintiff has not described what injuries he suffered in enough detail to allow the Court to conclude that he has a serious medical need for purposes of his Eighth Amendment claims. In addition, Plaintiff has not pleaded facts sufficient to show how each named Defendant was deliberately indifferent to those medical needs. Plaintiff may wish to keep this in mind as he is drafting his statement of claims in his recast complaint.

**The recast complaint will supersede (take the place of) the Complaint and the Amended Complaint in this case (ECF Nos. 1, 9). Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limit includes (and is not in addition to) the pages making up the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously

alleged it in another filing.

The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed**. Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 18th day of November, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE